IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THE RESERVE AT TWIN OAKS
CF LANE,

      Plaintiff,

v.

ROBERT DIXON AND
ALL OTHER OCCUPANTS,

      Defendants.

CIVIL ACTION NO.
1:15-CV-04470-TWT-LTW

### FINAL ORDER AND REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on pro se Defendant Robert Dixon's ("Defendant") request to file this civil action in forma pauperis, without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). (Doc. 1). The Affidavit of Poverty indicates that Defendant is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Defendant's motion to proceed in forma pauperis is **GRANTED**. (Doc. 1). For the reasons outlined below, however, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of DeKalb County.

### PROCEDURAL BACKGROUND FACTS

In mid-December 2015, pursuant to Georgia law, Plaintiff The Reserve at Twin Oaks CF Lane ("Plaintiff") filed a Dispossessory Proceeding in the Magistrate Court of

DeKalb County in an attempt to evict Defendant from the property located at 2709 The Oaks, Clarkston, Georgia 30021 (the "Property") for failure to pay rent. (Doc. 1-2, p. 1). Defendant argues in his removal papers that this Court has jurisdiction over the matter because, among other things, Plaintiff's actions violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Fourteenth Amendment to the United States Constitution. (Doc. 1-1, pp. 1-3; see also Doc. 1-3, p. 1).

## LEGAL ANALYSIS

Based on this Court's review of the pleadings, it is clear that the Court lacks subject matter jurisdiction over the instant lawsuit. It is the Court's duty to inquire into its subject matter jurisdiction sua sponte whenever it may be lacking. Hernandez v. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008). In his removal papers, Defendant contends that federal question jurisdiction over the matter is conferred pursuant 28 U.S.C. § 1446, because Plaintiff's actions violate the FDCPA and the United States Constitution.

Federal question jurisdiction is not present. Contrary to Defendant's argument, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction under 28 U.S.C. § 1331 via the removal procedures of 28 U.S.C. §§ 1441(a) and 1446. Instead:

> the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive

2

AO 72A
(Rev.8/82)

reliance on state law.

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). Potential defenses and counterclaims involving the laws or Constitution of the United States are ignored for determining removal jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 59 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). In the present case, Plaintiff relied exclusively on state law when it filed a dispossessory proceeding in the Magistrate Court of DeKalb County. (See Doc. 1-2, p. 1). No federal question is presented on the face of Plaintiff's filing that Defendant presently attaches to his removal papers. There is also no evidence that warrants the application of an exception to the well-pleaded complaint rule such as the doctrine of complete preemption. Caterpillar, 482 U.S. at 393. Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia is entirely in the state court system. See O.C.G.A. § 44-7-50, et seq. For these reasons, this Court finds that federal subject matter jurisdiction does not exist.

Likewise, diversity of citizenship does not provide a basis for removal in this case under 28 U.S.C. §§ 1332, 1441(b), and 1446.[1] A party removing a case to federal court based on diversity of citizenship bears the burden of establishing that the parties are diverse and the $75,000 amount in controversy jurisdictional threshold is met. Rolling

---

[1] Defendant does not argue that diversity jurisdiction exists, nor did he check the box on his Civil Cover Sheet for diversity jurisdiction; however, out of an abundance of caution, the Court addresses the issue given Defendant's general citation to Section 1446.

Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 618 (11th Cir. 1990). According to the Civil Cover Sheet, both parties are citizens of Georgia and are therefore not diverse, and diversity jurisdiction does not exist pursuant to 28 U.S.C. § 1441(b). (Doc 1-3, p. 1). Moreover, the amount in controversy does not satisfy the jurisdiction limit. Plaintiff seeks only a small amount of rent and costs as well as possession of the premises. (Doc 1-2, p. 1). A claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy. Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001), aff'd 35 F. App'x 858 (11th Cir. 2002). Thus, the small amount of rent and fees at issue in this case falls well below the $75,000.00 amount in controversy requirement; for this separate reason then, diversity jurisdiction does not exist.

Accordingly, the undersigned **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of DeKalb County.

## CONCLUSION

Based on the foregoing reasons, Defendant's motion to proceed in forma pauperis is **GRANTED**. (Doc. 1). Additionally, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of DeKalb

4

County. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**IT IS SO ORDERED AND REPORTED AND RECOMMENDED**, this 25 day of February, 2016.

>                          /s/LINDA T. WALKER
>                          LINDA T. WALKER
>                          UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)